**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 07-548-C**

**CANDACE WILLIS,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**CMM OF KENTUCKY, LLC, d/b/a CASH TYME,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion to remand (DE 5). The court, having reviewed the record and being sufficiently advised, will direct the plaintiff to respond regarding the identity of her former employer.

The plaintiff brought this action in Jefferson Circuit Court on September 20, 2007. The complaint states claims for violations of the Kentucky Civil Rights Act, alleging that the plaintiff's employment was terminated based on her sex and her pregnancy. *See* KRS 344.040. On October 11, 2007, the defendant removed the action to this court based on diversity jurisdiction. The plaintiff is now moving to remand the action to state court, contending that there is not complete diversity among the parties.

For the court to have diversity jurisdiction, the citizenship of all plaintiffs must be different from that of all defendants. 28 U.S.C. § 1332; *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989). The complaint names CMM of Kentucky, LLC, d/b/a Cash Tyme ("CMM of Kentucky") as the defendant, and claims that it wrongly fired the plaintiff, Candace Willis. The defendant states

that the plaintiff was an employee of CMM of Indiana, LLC, d/b/a Cash Tyme ("CMM of Indiana"), and that she incorrectly identified CMM of Kentucky as the defendant. The plaintiff, Candace Willis, is a citizen of Kentucky, and CMM of Indiana is a citizen of Indiana.[1] If Willis and CMM of Indiana are the two parties in this action, then there is complete diversity and this court has subject matter jurisdiction. However, CMM of Kentucky, a citizen of Kentucky, is currently the named defendant.

The plaintiff's complaint consists entirely of employment-related causes of action. The plaintiff's claims are against her former employer, and the defendant claims that CMM of Indiana is the entity that employed Willis. CMM of Indiana responded on behalf of CMM of Kentucky, asserted that CMM of Indiana is the correct employer, and provided documentary evidence of that employment relationship.[2] Therefore, the plaintiff is directed to respond within ten days whether CMM of Indiana or CMM of Kentucky was her employer. If the plaintiff responds that CMM of Kentucky was her employer, then she is directed to provide evidence of that employment relationship. However, if she responds that CMM of Indiana

---

[1] The plaintiff argues that CMM of Indiana should be deemed a citizen of Kentucky under the "principal place of business" designation of citizenship, even though the defendant asserts that CMM of Indiana's principal place of business is in Indiana. If the plaintiff agrees, in responding to this order, that CMM of Indiana is her employer and should replace CMM of Kentucky as the defendant, then the court will address the arguments regarding CMM of Indiana's citizenship.

[2] As evidence of the identity of Willis's employer, the defendant attached the plaintiff's employment agreement, which names CMM of Indiana as the employer, and the plaintiff's pay stub which shows that she was paid by CMM of Indiana.

was her employer, then she is to inform the court whether she would like to amend her complaint to dismiss CMM of Kentucky and add CMM of Indiana as a defendant.  Accordingly,

    **IT IS ORDERED** that the plaintiff is directed to respond within ten days of the date of entry of this order regarding the identity of her former employer.

Signed on  April 14, 2008

                                                        **Jennifer B. Coffman, Judge**
                                                        **United States District Court**