**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**CIVIL ACTION NO. 07-548-C**

**CANDACE A. WILLIS,**                                                                                           **PLAINTIFF,**

**V.**                     **MEMORANDUM OPINION AND ORDER**

**CMM OF INDIANA, LLC,
d/b/a CASH TYME,**                                                                      **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion to remand (DE 5) and the defendant's motion to dismiss certain claims (DE 6). The court, having reviewed the record and being sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

The plaintiff brought this action in Jefferson Circuit Court on September 20, 2007. The complaint states claims for violations of the Kentucky Civil Rights Act, alleging that the plaintiff's employment was terminated based on her sex and her pregnancy. *See* KRS 344.040. On October 11, 2007, the defendant removed the action to this court based on diversity jurisdiction. The plaintiff, Candace Willis, is a citizen of Kentucky, and the defendant, CMM of Indiana, LLC, d/b/a Cash Tyme,[1] states that it is a citizen of Indiana. The plaintiff seeks to remand the action to state court, contending that there is not complete diversity among the parties. The

---

[1] The plaintiff accepted that CMM of Indiana, not CMM of Kentucky, LLC, d/b/a Cash Tyme, was her former employer. *See* DE 13. Thus, the court substituted CMM of Indiana as the defendant in this action and dismissed CMM of Kentucky. *See* DE 14.

defendant seeks to dismiss the plaintiff's claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and punitive damages.

I. Motion to Remand

For the court to have diversity jurisdiction, the citizenship of all plaintiffs must be different from that of all defendants. 28 U.S.C. § 1332; *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989). As the removing party, the defendant bears the burden of proving the existence of federal jurisdiction. *See Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 550 (6th Cir. 2006); *Long v. Bando Mfg. of Am. Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Removal statutes are construed narrowly, and doubts about the propriety of removal are resolved in favor of remand. *See Long*, 201 F.3d at 757. If the court lacks subject matter jurisdiction at any time before final judgment, then the case must be remanded. 28 U.S.C. § 1447(c).

A corporation is deemed to be a citizen of the state where it is incorporated and of the state where it has its principal place of business. CMM of Indiana is incorporated in Indiana, and claims that its principal place of business is in New Albany, Indiana. 28 U.S.C. § 1332(c)(1). The plaintiff argues that CMM of Indiana could be deemed a citizen of Kentucky based on the "total activity" test, which incorporates the "nerve center" and "corporate activities" tests.[2]  *Gafford v.*

---

[2] The plaintiff additionally asserts that the defendant "deceptively transacts business in Kentucky without authorization yet seeks federal diversity protection for claims arising from that business." DE 10, at 1. The plaintiff states that CMM of Indiana is not registered with the Kentucky Secretary of State's office, which

*General Elec. Co.*, 997 F.2d 150, 161-62 (6th Cir. 1993).  The court examines the facts to determine the location of a corporation's principal place of business, looking at both the situs of corporate decision-making authority and overall control, and the location of service activities.  *Id.*  "Where a corporation carries on its business in a number of states and no one state is clearly the state in which its business is principally conducted, the state in which the substantial part of its business is transacted and from which centralized general supervision of its business is exercised is the state in which it has its principal place of business."  *See id.* at 163 (quoting *Jackson v. Tenn. Valley Auth.*, 462 F. Supp. 45, 49 (M.D. Tenn. 1978), *aff'd*, 595 F.2d 1120 (6th Cir. 1979)).

      CMM of Indiana has employees and operations in many states, and CMM of Indiana acts as the principal place of business for all of those locations.  According to the corporation's Human Resources Director, "CMM of Indiana, LLC is the employer of all Cash Tyme employees regardless of the state in which they perform services."  Exhibit D to DE 9.  The employment agreement between the plaintiff and her employer notes that CMM of Indiana's principal place of business is in New Albany, Indiana.  Thus, the defendant has presented facts that its principal place of business is in Indiana, and the court finds that CMM of Indiana is only a citizen of Indiana.  Therefore, there is diversity of citizenship among the parties and the court

---

Kentucky law requires it to do as a foreign limited liability company transacting business in the commonwealth.  The plaintiff's argument does not affect whether the court has subject matter jurisdiction in this action, and thus the court will not address it.

will deny the motion to remand.

II.  Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964 (2007) (citing *Conley v. Gibson,* 335 U.S. 41, 47 (1957)).  In order to avoid a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff has an obligation to provide the grounds of her entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Id.* at 1964-1965.  This does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus,* 127 S. Ct. 2197, 2200 (2007) (citing *Twombly*, 127 S. Ct. at 1955).

The plaintiff's claims for intentional and/or negligent infliction of emotional distress are based on the same allegedly discriminatory conduct as her claims under the Kentucky Civil Rights Act ("KCRA") and thus are pre-empted by the KRCA. *See Clark v. Sanofi-Synthelabo, Inc.*, 489 F. Supp. 2d 759, 771-72 (W.D. Ky. 2007); *see also* KRS 344.040.  The plaintiff's intentional and/or negligent infliction of emotional distress claims are subsumed by her KRS 344 claim, and she is limited

4

to the remedy provided by the KCRA. *Wilson v. Lowe's Home Center*, 75 S.W.3d 229, 239 (Ky. App. 2001). Therefore, the court will dismiss the plaintiff's claims for intentional and/or negligent infliction of emotional distress.

The plaintiff's claims for punitive damages, which are based upon the claims for intentional and/or negligent infliction of emotional distress, fail because the court is dismissing the underlying claims. Additionally, punitive damages are not available under the KCRA. *Ky. Dep't of Corr. v. McCullough*, 123 S.W.3d 130, 138 (Ky. 2003). Therefore, the court will dismiss the plaintiff's claims for punitive damages.

**IT IS ORDERED** that the plaintiff's motion to remand and for costs (DE 5) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss (DE 6) is **GRANTED**, and the plaintiff's claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and punitive damages are **DISMISSED**.

**IT IS FURTHER ORDERED** that all parties are **DIRECTED** to name CMM of Indiana, LLC, d/b/a Cash Tyme as the defendant in the style of the action on all future pleadings.

Signed on June 20, 2008

**Jennifer B. Coffman, Judge**
**United States District Court**

5